**PERKINSCOIe**

1155 Avenue of the Americas  
22nd Floor  
New York, NY 10036-2711

T. +1.212.262.6900  
F. +1.212.977.1649  
PerkinsCoie.com

June 30, 2023

LaMarte Williams  
LaMarteWilliams@perkinscoie.com  
D. +1.332.223.3965  
F. +1.212.977.1649

Honorable Jesse Furman  
United States District Court  
Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square, Courtroom 1105  
New York, NY 10007

**Re:** *Carrodine v. FlatIron Media LLC*, No. 1:22-cv-09660-JMF

Dear Judge Furman:

We represent Defendant Flatiron Media, LLC ("Flatiron") in the above-captioned matter. We write in response to Plaintiffs Jason Carrodine, Eli Reisman and Kimberly Hudson's (collectively, "Plaintiffs") letter requesting a conference with the Court ("Letter") (Dkt. 50) regarding discovery which Plaintiffs improperly propounded. Plaintiffs' request is premature given the pendency of Flatiron's Motion to Dismiss, and Plaintiffs' failure to comply with the Federal Rules of Civil Procedure ("FRCP") and Your Honor's Individual Rules. Accordingly, their request should be denied.

Discovery in this case is premature. On June 2, 2023, Flatiron filed a Rule 12(b)(6) Motion to Dismiss (Dkt. 46) and Memorandum in Support (Dkt. 47). On June 5, 2023, this Court set a briefing schedule on the Motion with Plaintiffs' Opposition brief due on June 30, 2023 and Flatiron's Reply due on July 7, 2023 (Dkt. 48). Also, on June 5, 2023, this Court adjourned the Rule 16 scheduling conference *sine die* (Dkt. 48) pending a decision on Defendant's Motion to Dismiss. Plaintiffs should not be entitled to engage in a fishing expedition seeking facts to support their Complaint—under the Federal Rules, Plaintiffs are required to set forth a sufficient basis to sustain a claim without discovery. As set forth in Flatiron's Motion, Plaintiffs' Amended Complaint fails as both factually and legally deficient. Flatiron respectfully requests that Plaintiffs' attempt to circumvent the current orderly process by unilaterally seeking discovery to support allegations for which Plaintiffs are required to have had a sufficient legal and factual basis in the first instance, be rejected.[1]

Moreover, notwithstanding that the scheduling conference has been deferred, on June 12, 2023, Plaintiffs propounded discovery requesting an early return date without consulting with Flatiron to obtain the stipulation required for an expedited response under FRCP 34(b)(2)(A). But

---

[1] Plaintiffs' Letter correctly notes that the parties had engaged in an informal exchange of information—such exchange was in contemplation of a possible early resolution and there is nothing untoward about the cessation of such exchange contrary to Plaintiffs' insinuation.

June 30, 2023
Page 2

discovery in this case should not proceed in any event as a) this Court should have an opportunity to review and rule upon Flatiron's Rule 12(b)(6) Motion; b) there has been no scheduling order entered; and c) there has been no Rule 26(f) conference after the Amended Complaint was filed.

Further, in Plaintiffs' Letter, they demand that the Court hold a conference to discuss the parties' "discovery impasse," and ask that the Court compel Flatiron to engage in discovery at this stage in the litigation. However, the Letter fails to comply with FRCP 37(a)(1) and this Court's Individual Rule 3E as Plaintiffs have failed to confer with Flatiron in good faith about their demands. Indeed, the Letter fails to include the certification required under those Rules. Thus, the request should be denied for that reason alone.

We respectfully request that Plaintiffs' demand for a conference with the Court be denied as Plaintiffs' request is premature and Plaintiffs failed to abide by the Federal Rules of Civil Procedure and Your Honor's Individual Rules.

We appreciate the Court's consideration of this matter.

Sincerely,


*/s/ LaMarte Williams, Jr.*
LaMarte Williams, Jr.