

ROBERT M. SILVERMAN+*-
CRAIG THOR KIMMEL+-^

+ *Member, PA Bar*
* *Member, NJ Bar*
x *Member, DE Bar*
- *Member, NY Bar*
^ *Member, MA Bar*
# *Member, MD Bar*
● *Member, OH Bar*
□ *Member, NH Bar*
± *Member, CT Bar*
" *Member, TN Bar*
ᵘ *Member, WY Bar*
¥ *Member, DC Bar*
¢ *Member, CA Bar*
° *Member, WI Bar*
§ *Member FL Bar*
ª *Member, AZ Bar*
"*Member, TX Bar*
§*Member, MI Bar*
£*Member, WV Bar*
&*Member, IL Bar*
>*Member, IN Bar*

JACQUELINE C. HERRITT⁻⁺*¢k, O°●
ROBERT A. RAPKIN⁺
ANGELA K. TROCCOLI ⁻□±
JASON L. GRESHES +*-^
CHAD P. DOMAN‡ £●
JACOB U. GINSBURG⁻⁺*§
BLAKE K. WALSH"&">
MARY HIGGINS* x
JOHANNY GRULLON *
LENNY BUSH, Of Counsel ¢

www.CREDITLAW.com
(800)-NOT-FAIR

**CORPORATE HEADQUARTERS**
30 E. Butler Avenue, Ambler, PA 19002
Toll Free (800)-668-3247
Fax (877) 600-2112

**WESTERN PA OFFICE**, 100 Ross Street, Suite 330, Pittsburgh, PA 15219, P (412) 566-1001, F (215) 540-8817
**NEW JERSEY OFFICE**, Executive Quarters, 1930 E. Marlton Pike, Suite Q29, Cherry Hill, NJ 08003, P (856) 751-4152, F (856) 216-7344
**DELAWARE OFFICE**, Commonwealth Building, 260 Chapman Road, Suite 201, Newark, DE 19702, P (302) 525-6607, F (302) 525-6618
**NEW YORK OFFICE**, 1180 Avenue of the Americas, 8th Floor, New York, NY 10036, P (212) 719-7543, F (877) 617-2515
**BUFFALO, NY OFFICE**, 1207 Delaware Avenue, Suite 440, Buffalo, NY 14209, P (716) 332-6112, F (800) 863-1689
**OHIO OFFICE**, 4031 Colonel Glenn Highway, Suite 450, Beavercreek, OH 45431, P (937) 306-7220, F (215) 540-8817
**SAN FRANCISCO, CA OFFICE**, 1160 Battery Street East, Suite 100, #1099 San Francisco, CA 94111, P (415) 947-7827, F (215) 540-8817
**SAN DIEGO, CA OFFICE**, 101 West Broadway, Suite 300 PMB, #344 San Diego, CA 92101, P (619) 785-3003, F (215) 540-8817
**LOS ANGELES, CA OFFICE**, 811 Wilshire Boulevard, Suite 1700-241, Los Angeles, CA 90017, P (213) 340-7770, F (215) 540-8817

**PLEASE REMIT ALL CORRESPONDENCE TO THE AMBLER OFFICE**

June 28, 2023

**Submitted Via ECF and Email**
Honorable Jesse Furman
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

> **Re: Carrodine, *et al* v Flatiron Media, LLC and HasE.com, LLC**
> **Case No. 1:22-cv-09660-JMF**
> **Letter Requesting Conference Regarding Discovery Impasse**

To the Honorable Judge Furman:

I write to Your Honor on behalf of Plaintiffs Jason Carrodine, Eli Reisman and Kimberly Hudson (collectively "Plaintiffs") to request a conference addressing a discovery impasse involving Defendant Flatiron Media, LLC ("Flatiron") and HasE.com, LLC d/b/a HasTraffic ("HasTraffic"), pursuant to Fed. R. Civ. P. 37.2, S.D.N.Y. Local Rule 37.2 and Policy and Procedure 3(E) of this Court.

This case involves two companies involved in the collection and sale of consumer data and SMS text message marketing. Flatiron was the company that was identified in the web-links from the text messages sent to the Plaintiffs and therefore the sole original Defendant. As this Court is aware, Flatiron and Plaintiffs mutually agreed to lengthy delays to allow the Parties time to informally exchange information in the spirit of arriving at a common set of facts. *See* Doc. No. 17; Doc. No. 18, p. 5, item 19. As the Parties represented to the Court in the aforementioned submissions, the early exchange of

1

information ultimately led to the amendment of the Complaint and the addition of HasTraffic as a co-Defendant. Flatiron identified HasTraffic which Flatiron disclosed as a vendor it hired for SMS text message marketing, which sent messages to the named Plaintiffs.

After the filing of the Amended Complaint, Flatiron stopped sharing information with Plaintiffs' counsel.  Despite disclosing the existence of a contractual relationship with HasTraffic and confirming HasTraffic sent the relevant text messages, Flatiron has refused to produce its operative contract with HasTraffic.  While discovery had been informal and freely exchanged in good-faith, due to the change in approach from Flatiron, we served a formal request for production seeking the operative contract on June 12, 2023.  In that request, we asked that the responsive contract be produced by June 22, 2023, pursuant to Fed. R. Civ. P. 34(b) and 29(b).  Neither Defendant agreed to producing the single document sought within the shortened time period.  Flatiron's refusal appears especially problematic where it filed a Motion to Dismiss (Doc Nos. 46 and 47) predicated on the purported lack of specificity about the contractual relationship with HasTraffic.  Such information would obviously be in the exclusive possession of the Defendants until shared or produced in discovery to Plaintiffs.  Furthermore, Flatiron has also not produced its initial disclosures, despite the obligation to do so under Fed. R. Civ. P. 26(a).

Furthermore, where Plaintiffs filed their first amended complaint predicated on the information Flatiron provided, we were surprised to receive HasTraffic's answer in which it asserted multiple affirmative defenses, including, that the conduct was caused by "an unnamed third party" and that Plaintiffs "failed to name all necessary and indispensable parties to this action." Doc. 49 (Affirmative Defenses 6 and 8).  Upon receipt of the Answer, my co-counsel and I reached out to HasTraffic's counsel to discuss the matter.  We made multiple phone calls and sent multiple emails to HasTraffic's counsel Marie-Sophie Renault and Patrick Downes.  While Ms. Renault has returned phone calls to my co-counsel and I, she advised she was not "authorized" to discuss the substance of the case and only Mr. Downes could do so.  Mr. Downes, however, has failed to return any phone calls or provide any substantive information as to the vague and elusive position his client is taking.

The closest HasTraffic has come to providing anything substantive was a terse cryptic email advising "HasE.com, LLC did not have any agreements with Flatiron and has never done business with Flatiron" and it was unsure why it was named as a Defendant. Follow up calls and emails to Mr. Downes went unanswered.  Despite repeated efforts over the course of several weeks, we have still not have held a phone call to discuss the substantive issues in the case with an attorney for HasTraffic "authorized" to substantively discuss the case.  Plaintiffs' counsel understand there are numerous related companies owned by the same individual associated with HasTraffic which perform SMS marketing and data-brokerage services.  Therefore, if a different related entity was responsible for the underlying text messages, this information should be disclosed.

The edict of Rule 1 is to litigate cases in a "speedy and inexpensive manner." Furthermore, S.D.N.Y. Local Rule 26.4 dictates "Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to scheduling and timing of various discovery procedures." Federal litigation is not supposed to be a game of hide-the-ball. While Plaintiffs will certainly respond to Flatiron's Motion to Dismiss, it would be an inefficient use of the Court's and the parties' resources to brief the motion, only to later amend the complaint to add a different entity as a defendant, who is otherwise affiliated with HasTraffic. Moreover, it is facially objectionable that the Flatiron-HasTraffic contract has not been produced by Flatiron when basing its motion to dismiss on a purported lack of specificity about the contractual relationship with HasTraffic.."

While we regret that judicial intervention is required, Plaintiffs intend to seek an Order from the Court:

1. Compelling the Defendants to produce the operative marketing contract(s) between HasTraffic (or its related entities) and Flatiron.

2. Compelling Flatiron to serve its initial disclosures pursuant to Fed. R. Civ. P. 26(a);

3. Compelling HasTraffic to comply with its disclosure obligations under Federal Rules of Civil Procedure 26(a) and 7.1, and Local Rule 7.1.1; and

4. Compelling HasTraffic to identify the corporate entity/entities that contracted with Flatiron and sent the subject marketing text messages.

Plaintiffs request a telephone or video conference with the Court and counsel for the Defendants to address the aforementioned issues. We are greatly appreciative of the time and attention of the Court and its staff to this matter.

Respectfully,

_____
Jacob U. Ginsburg, Esq.

cc: all counsel of record (via email and ECF)

Application DENIED. The Court agrees with Flatiron that discovery should await a ruling on the motion to dismiss, which is almost fully briefed, as Plaintiff is not entitled to discovery unless the complaint states a valid claim. As for Hase, the Court sees no reason to intervene at this time. All of that said, the Court urges the parties to confer in good faith to sort out whether Plaintiff is suing the right parties. The Clerk of Court is directed to terminate ECF No. 50. SO ORDERED.

July 6, 2023