```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
JASON CARRODINE et al., individually and on behalf                   :
of all others similarly situated,                                    :
                                                                     :
                              Plaintiffs,                            :      22-CV-9660 (JMF)
                                                                     :
                      -v-                                            :      MEMORANDUM OPINION
                                                                     :            AND ORDER
FLATIRON MEDIA, LLC et al.,                                          :
                                                                     :
                              Defendants.                            :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this putative class action, familiarity with which is presumed, Plaintiffs Jason Carrodine, Eli Reisman, and Kimberly Hudson sue Defendants Flatiron Media, LLC ("Flatiron") and HasE.com LLC ("HasTraffic") for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *See* ECF No. 32 ("FAC"). Flatiron now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. *See* ECF No. 46. Flatiron argues both that Plaintiffs fail to allege a plausible claim of direct liability, which is tacitly conceded, and that they fail to allege a plausible claim of vicarious liability, which is disputed. *See* ECF No. 47 ("Flatiron's Mem."), at 8-9; ECF No. 64 ("Flatiron's Reply"), at 2-3; ECF No. 53 ("Pls.' Opp'n"), at 7. Whether the First Amended Complaint states a plausible claim of vicarious liability against Flatiron is a close call, if only because other courts have reached different results on seemingly similar facts. *Compare Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 138-39 (E.D.N.Y. 2015) (dismissing for failure to plausibly plead an agency relationship), *and Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-02440 (VEC), 2015 WL 7736547, at *6 (S.D.N.Y. Nov. 30, 2015) (same), *with Metten v. Town Sports Int'l, LLC*, No. 18-

CV-4226 (ALC), 2019 WL 1299939, at *3 (S.D.N.Y. Mar. 21, 2019) (holding that the plaintiff plausibly pleaded an agency relationship), *and McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131, 2014 WL 3014874, at *4 (E.D.N.Y. July 3, 2014) (same).

Upon review of the parties' motion papers, however, the Court concludes that Plaintiffs do enough to "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008). Among other things, Plaintiffs allege that: "Flatiron and HasTraffic entered into a contract for services," FAC ¶ 44; that, "[t]hrough that contract, FlatIron agreed to pay HasTraffic based on the number of 'leads' HasTraffic generated for Flatiron /or the quantity of traffic to Flatiron's webpage(s) . . ." *id.*; that, "[i]n that contract, Flatiron retained the ability to substantially control the marketing activities of HasTraffic," *id.* ¶ 45; that "HasTraffic sent thousands of spam text messages on behalf of Flatiron in furtherance of their contractual venture purporting to offer 'gas cards' and prizes to consumers," *id.* ¶ 46; that each Plaintiff received text messages with links that led to a Flatiron website, *id.* ¶¶ 61-63, 66, 82, 84 100, 103; and that HasTraffic advertises on its website that "[t]he advertiser" — here, presumably Flatiron — "has control over the text and the ability to pre-approve the copy," *id.* ¶ 110.[1] Taken together, and assumed to be true, these allegations are enough to raise an inference that there was an agency relationship between HasTraffic and Flatiron and that HasTraffic was acting with Flatiron's actual authority in sending texts to Plaintiffs that allegedly violated the TCPA. *See, e.g.*, *Hale v. Teledoc Health, Inc.*, No. 20-CV-

---

[1] Admittedly, Plaintiffs make some of these allegations elsewhere only "on information and belief." *Compare FAC* ¶ 44, *with id.* ¶ 108. But a plaintiff may allege facts "'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations and internal quotation marks omitted).

5245 (VB), 2021 WL 1163925, at *3 (S.D.N.Y. Mar. 25, 2021) ("To be liable for the acts of its agent, a principal must exercise control over the conduct or activities of the agent.").

For the foregoing reasons, Flatiron's motion to dismiss is DENIED.  Unless and until the Court orders otherwise, Flatiron shall file its Answer within **two weeks** of the date of this Memorandum Opinion and Order.  *See* Fed. R. Civ. P. 12(a)(4)(A).  In addition, the initial pretrial conference is hereby reinstated and RESCHEDULED for **December 20, 2023**, at **9:00 a.m.**  The conference will be held remotely in accordance with the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.  The parties are reminded that, no later than the Thursday before the initial pretrial conference, they are required to submit a joint status letter and proposed Case Management Plan.  *See* ECF No. 5.

The Clerk of Court is directed to terminate ECF No. 46.

SO ORDERED.

Dated: November 27, 2023
       New York, New York

_____
JESSE M. FURMAN
United States District Judge