## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON CARRODINE, ELI REISMAN, and KIMBERLY HUDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLATIRON MEDIA, LLC and HASE.COM LLC f/k/a UNLIMITED TRAFFIC LLC d/b/a "HasTraffic",<br><br>Defendants. | Case No. 1:22-cv-09660-JMF<br><br><br>**DEFENDANT FLATIRON MEDIA, LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS-ACTION COMPLAINT** |

Defendant Flatiron Media, LLC ("Flatiron" or "Defendant") responds to Plaintiffs' First Amended Class-Action Complaint ("Amended Complaint"), as follows:

### BACKGROUND ON TCPA

1. Paragraph 1 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

2. Paragraph 2 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

3. Paragraph 3 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

4.  Paragraph 4 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

5.  Paragraph 5 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

6.  Paragraph 6 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

7.  Paragraph 7 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

## PARTIES

8.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint. Accordingly, Defendant denies such allegations.

9.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint. Accordingly, Defendant denies such allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint. Accordingly, Defendant denies such allegations.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint. Accordingly, Defendant denies such allegations.

12. Defendant admits that Flatiron is a New York limited liability company with its headquarters in New York and that Flatiron is in good standing to transact business. Defendant otherwise denies all allegations contained in paragraph 12 of the Amended Complaint.

13. Defendant admits that Flatiron describes itself as a customer acquisition service provider that assists clients in lead generation. Defendant otherwise denies all allegations contained in paragraph 13 of the Amended Complaint.

14. Defendant admits that Flatiron's lead generation business includes the operation of websites purporting to offer consumer opportunities to claim prizes, rewards and to enter sweepstakes. Defendant otherwise denies all allegations contained in paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

16. Defendant admits that Flatiron transacts business in New York and in the United States. Defendant otherwise denies all allegations contained in paragraph 16 of the Amended Complaint.

17. Paragraph 17 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

18. Defendant denies the allegations contained in paragraph 18 of the Amended Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint. Accordingly, Defendant denies such allegations.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint. Accordingly, Defendant denies such allegations.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Amended Complaint. Accordingly, Defendant denies such allegations.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Amended Complaint. Accordingly, Defendant denies such allegations.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint. Accordingly, Defendant denies such allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint. Accordingly, Defendant denies such allegations.

## JURISDICTION AND VENUE

25. Paragraph 25 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

26. Paragraph 26 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint. Accordingly, Defendant denies such allegations.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint. Accordingly, Defendant denies such allegations.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint. Accordingly, Defendant denies such allegations.

30. Defendant denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint. Accordingly, Defendant denies such allegations.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint. Accordingly, Defendant denies such allegations.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint. Accordingly, Defendant denies such allegations.

34. Defendant admits that Flatiron has made payments to HasTraffic. Defendant otherwise denies all allegations contained in paragraph 34 of the Amended Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint. Accordingly, Defendant denies such allegations.

36. Paragraph 36 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

## FACTUAL BACKGROUND

### A.    Flatiron and HasTraffic's Spam Messaging Venture

37. Defendant admits that Flatiron has described itself as a customer acquisition service provider that can help with lead generation and SMS communications. Defendant otherwise denies all allegations contained in paragraph 37 of the Amended Complaint.

38. Defendant admits that it has described Flatiron's business as involving lead generation for its clients and that it can help clients develop TCPA compliant warm transfer. Defendant otherwise denies all allegations contained in paragraph 38 of the Amended Complaint.

39. Defendant admits that Flatiron has represented on its website that it generates more than 50 million leads for clients annually and that it can assist clients with SMS. Defendant otherwise denies all allegations contained in paragraph 39 of the Amended Complaint.

40. Defendant admits that SMS can refer to Short Message Service. Defendant otherwise denies all allegations contained in paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Amended Complaint.

42. Defendant admits that it entered into a contract with HasTraffic. Defendant otherwise denies all allegations contained in paragraph 42 of the Amended Complaint.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint. Accordingly, Defendant denies such allegations.

44. Defendant admits that Flatiron entered into a contract with HasTraffic. Defendant otherwise denies all allegations contained in paragraph 44 of the Amended Complaint.

45. Defendant admits that Flatiron entered into a contract with HasTraffic. Defendant otherwise denies all allegations contained in paragraph 45 of the Amended Complaint.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint. Accordingly, Defendant denies such allegations.

    **B.     Facts Specific to Carrodine**

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint. Accordingly, Defendant denies such allegations.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint. Accordingly, Defendant denies such allegations.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint. Accordingly, Defendant denies such allegations.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint. Accordingly, Defendant denies such allegations.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended Complaint. Accordingly, Defendant denies such allegations.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended Complaint. Accordingly, Defendant denies such allegations.

53. Defendant denies that any allegedly unlawful messages were sent on its behalf. With respect to the other allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint. Accordingly, Defendant denies such allegations.

54. Defendant denies that it sent Carrodine a text message. With respect to the other allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Amended Complaint. Accordingly, Defendant denies such allegations.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint. Accordingly, Defendant denies such allegations.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint. Accordingly, Defendant denies such allegations.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint. Accordingly, Defendant denies such allegations.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended Complaint. Accordingly, Defendant denies such allegations.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint. Accordingly, Defendant denies such allegations.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint. Accordingly, Defendant denies such allegations.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint. Accordingly, Defendant denies such allegations.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint. Accordingly, Defendant denies such allegations.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint. Accordingly, Defendant denies such allegations.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint. Accordingly, Defendant denies such allegations.

65. Defendant denies that any unlawful text messages were sent on its behalf. With respect to the other allegations, Defendant is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 65 of the Amended Complaint. Accordingly, Defendant denies such allegations.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Amended Complaint. Accordingly, Defendant denies such allegations.

67. Defendant denies the allegations contained in paragraph 67 of the Amended Complaint.

68. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint. Accordingly, Defendant denies such allegations.

   **C.    Facts as to Eli Reisman**

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint. Accordingly, Defendant denies such allegations.

70. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint. Accordingly, Defendant denies such allegations.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint. Accordingly, Defendant denies such allegations.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint. Accordingly, Defendant denies such allegations.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint. Accordingly, Defendant denies such allegations.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Amended Complaint. Accordingly, Defendant denies such allegations.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Amended Complaint. Accordingly, Defendant denies such allegations.

76. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Amended Complaint. Accordingly, Defendant denies such allegations.

77. Defendant denies that any unlawful text message was sent on its behalf. With respect to the other allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Amended Complaint. Accordingly, Defendant denies such allegations.

78. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint. Accordingly, Defendant denies such allegations.

79. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended Complaint. Accordingly, Defendant denies such allegations.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended Complaint. Accordingly, Defendant denies such allegations.

81. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended Complaint. Accordingly, Defendant denies such allegations.

82. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended Complaint. Accordingly, Defendant denies such allegations.

83. Defendant denies that any allegedly unlawful texts were sent on its behalf. With respect to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended Complaint. Accordingly, Defendant denies such allegations.

84. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Amended Complaint. Accordingly, Defendant denies such allegations.

85. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Amended Complaint. Accordingly, Defendant denies such allegations.

86. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Amended Complaint. Accordingly, Defendant denies such allegations.

87. Defendant denies that allegedly unlawful text messages were sent on its behalf. With respect to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Amended Complaint. Accordingly, Defendant denies such allegations.

88. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Amended Complaint. Accordingly, Defendant denies such allegations.

### D.    Facts as to Kimberly Hudson

89. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended Complaint. Accordingly, Defendant denies such allegations.

90. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint. Accordingly, Defendant denies such allegations.

91. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Amended Complaint. Accordingly, Defendant denies such allegations.

92. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Amended Complaint. Accordingly, Defendant denies such allegations.

93. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Amended Complaint. Accordingly, Defendant denies such allegations.

94. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Amended Complaint. Accordingly, Defendant denies such allegations.

95. Defendant denies that allegedly unlawful text messages were send on its behalf. With respect to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended Complaint. Accordingly, Defendant denies such allegations.

96. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Amended Complaint. Accordingly, Defendant denies such allegations.

97. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Amended Complaint. Accordingly, Defendant denies such allegations.

98. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Amended Complaint. Accordingly, Defendant denies such allegations.

99. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Amended Complaint. Accordingly, Defendant denies such allegations.

100. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Amended Complaint. Accordingly, Defendant denies such allegations.

101.    Defendant denies that allegedly unlawful text messages were send on its behalf. With respect to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Amended Complaint. Accordingly, Defendant denies such allegations.

102.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Amended Complaint. Accordingly, Defendant denies such allegations.

103.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Amended Complaint. Accordingly, Defendant denies such allegations.

104.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Amended Complaint. Accordingly, Defendant denies such allegations.

**Direct and Vicarious Liability**

105.    Paragraph 105 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

106.    Paragraph 106 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

107.    Paragraph 107 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

108.   Defendant admits that Flatiron entered into a contract with HasTraffic. Defendant otherwise denies all allegations contained in paragraph 108 of the Amended Complaint.

109.   Defendant admits that Flatiron entered into a contract with HasTraffic. Defendant otherwise denies all allegations contained in paragraph 109 of the Amended Complaint.

110.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Amended Complaint. Accordingly, Defendant denies such allegations.

111.   Defendant admits that Flatiron entered into a contract with HasTraffic. Defendant otherwise denies all allegations contained in paragraph 111 of the Amended Complaint.

112.   Defendant denies the allegations contained in paragraph 112 of the Amended Complaint.

113.   Defendant denies the allegations contained in paragraph 113 of the Amended Complaint.

114.   Defendant denies the allegations contained in paragraph 114 of the Amended Complaint.

115.   Defendant denies the allegations contained in paragraph 115 of the Amended Complaint.

116.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Amended Complaint. Accordingly, Defendant denies such allegations.

117.   Defendant denies the allegations contained in paragraph 117 of the Amended Complaint.

118.   Defendant denies the allegations contained in paragraph 118 of the Amended Complaint.

119.   Defendant denies that Flatiron directed or was aware of or benefitted from any violations of the law. The remainder of paragraph 119 of the Amended Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

120.    Defendant denies the allegations contained in paragraph 120 of the Amended Complaint.

## Class Allegations

121.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

122.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

123.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

124.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

125.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

126.    Defendant denies that Flatiron sent text messages in violation of the National Do-Not-Call registry, or that such conduct will continue. Defendant otherwise denies all allegations contained in paragraph 126 of the Amended Complaint.

127.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

128.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

129.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

130.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

131.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

132.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

133.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

134.    Defendant admits that Plaintiffs purport to bring a class action, but denies that this action may be properly maintained as a class action and therefore denies the allegations of this paragraph.

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"),**
**47 .S.C. § 227 *et seq.***

135.    Defendant incorporates its responses to paragraphs 1 through 134 of the Amended
Complaint as if fully set forth herein.

136.    Defendant incorporates its responses to paragraphs 1 through 134 of the Amended
Complaint as if fully set forth herein.

137.    Defendant incorporates its responses to paragraphs 1 through 134 of the Amended
Complaint as if fully set forth herein.

138.    Paragraph 138 of the Amended Complaint consists of legal conclusions, statements, and
characterizations that are not allegations capable of admission or denial. To the extent a
response is required, Defendant denies such conclusions, statements, and characterizations.

139.    Paragraph 139 of the Amended Complaint consists of legal conclusions, statements, and
characterizations that are not allegations capable of admission or denial. To the extent a
response is required, Defendant denies such conclusions, statements, and characterizations.

140.    Paragraph 140 of the Amended Complaint consists of legal conclusions, statements, and
characterizations that are not allegations capable of admission or denial. To the extent a
response is required, Defendant denies such conclusions, statements, and characterizations.

141.    Paragraph 141 of the Amended Complaint consists of legal conclusions, statements, and
characterizations that are not allegations capable of admission or denial. To the extent a
response is required, Defendant denies such conclusions, statements, and characterizations.

142.    Defendant denies the allegations contained in paragraph 142 of the Amended Complaint.

143.    Defendant denies that Flatiron knew or should have known Plaintiffs or putative class
members had their numbers registered on the National Do-Not-Call registry or that Flatiron
violated the TCPA. Defendant otherwise is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in paragraph 143 of the Amended Complaint. Accordingly, Defendant denies such allegations.

144.    Defendant denies the allegations contained in paragraph 144 of the Amended Complaint.

### Response to Demand for Judgment

In response to the **WHEREFORE** clause following paragraph 144 of the Amended Complaint, including its subsections a through f, Defendant admits that Plaintiffs seek such relief but denies that Plaintiffs are entitled to any relief whatsoever.

As to any part of the Amended Complaint not specifically admitted, denied, or discussed with respect to Defendant, Defendant hereby denies said allegations, including, but not limited to, any allegations contained in the Amended Complaint's preamble, headings, subheadings, and wherefore clause. Furthermore, any averments in the Amended Complaint to which no responsive pleadings are capable or required shall be deemed denied.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Defendant pleads the following affirmative defenses to Plaintiffs' Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject text messages occurred, such text messages were invited, permitted, consented to, and/or made pursuant to a personal or an established business relationship.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs cannot state a claim

against Defendant upon which relief can be granted. Defendant did not send text messages, particularly without the prior express written consent of the parties who allegedly received the text messages at issue as Plaintiffs seek to allege in the Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs fail to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiffs seek to assert cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiffs attempt to assert.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs and/or the putative class members are not the respective owners, subscribers, registrants, or authorized users of the telephones that allegedly received the text messages at issue, and, therefore, lack standing.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of unclean hands. Plaintiffs seek out, invite, and welcome text messages, including, arguendo, the subject text messages, in an effort to manufacture and pursue litigation on a class basis, not to seek compensation for damages allegedly suffered, as contemplated by statute, but rather to seek to enrich themselves by seeking disproportionate payments from, here, Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs fail to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiffs are not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiffs fail to allege, because they cannot allege, any facts to suggest there are any other members of the proposed class. Instead, Plaintiffs merely hypothesize there may be others. Similarly, Plaintiffs have not alleged, because they cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiffs' claims are typical of the proposed class, or that Plaintiffs will fairly and adequately protect the interests of the proposed class. Rather, Plaintiffs' Amended Complaint merely parrots the requisite language without any factual insight. Accordingly, Plaintiffs cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements for this case to proceed as a class action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because the alleged damages to Plaintiffs and/or the putative class Plaintiffs seek to represent were caused in whole or in part by the acts or omissions of third parties over which Defendant had and has no control of/over, and/or by the acts or omissions of Plaintiffs and/or the putative class members.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs did not sustain any damages. To the extent Plaintiffs sustained any damages, such damages are *de minimis* and non-actionable, and any such damages are not representative and/or the same as the putative class

members Plaintiffs seek to represent.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because any alleged wrongdoing by Defendant, which Defendant denies, was caused by mistake. Indeed, Defendant acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs and/or the putative class failed to mitigate their damages. Accordingly, recovery (if any) should be reduced in proportion to Plaintiffs' failure to mitigate such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs and/or the putative class members were not the intended recipients of the alleged subject text messages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because the statutory damages provisions of the TCPA are excessive fines and/or are grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate (1) the safeguards set forth in and/or assured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and (2) the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because the subject text messages constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such text messages violates the First Amendment rights of the sender.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiffs seek to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs and/or the putative class Plaintiffs seek to represent lack standing to bring this action because neither Plaintiffs nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs' alleged telephone numbers are believed to be business phone numbers and are not residential telephone numbers that Plaintiffs use for personal calls.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim and/or the claims of the putative class members Plaintiffs seek to represent fail or otherwise are barred, in whole or part, or are limited for lack of jurisdiction.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim and/or the claims of the putative class members Plaintiffs seek to represent are subject to agreements to arbitrate.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claim and/or the claims of the putative class members Plaintiffs seek to represent fail or otherwise are barred, in whole or part, by lack of vicarious liability.

## RESERVATION OF RIGHTS

Defendant, Flatiron Media, LLC, reserves the right to amend or add to its affirmative defenses upon discovery of additional information or evidence or as justice so requires.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in the Amended Complaint filed by Plaintiffs, Jason Carrodine, Eli Reisman, and Kimberly Hudson, Defendant, Flatiron Media, LLC, respectfully requests that this Court enter judgment as follows: (1) that Plaintiffs take nothing by virtue of the Amended Complaint and that this Action be dismissed in its entirety; (2) that judgment be rendered in favor of Flatiron; (3) that attorneys' fees and costs incurred in this Action be awarded to Flatiron to the greatest extent permitted by applicable law; and (4) that Flatiron be awarded such further and other relief as this Court deems just and proper.

Dated:  New York, New York.
          December 11, 2023

Respectfully submitted,

PERKINS COIE LLP

By: */s/ Dennis C. Hopkins*
          Dennis C. Hopkins
          LaMarte Williams, Jr.
          1155 Avenue of the Americas, 22nd Floor
          New York, New York 10036-2711
          Telephone: 212.262.6900
          Fax: 212.977.1649
          Email: DHopkins@perkinscoie.com
          Email: LaMarteWilliams@perkinscoie.com

          James G. Snell, admitted pro hac vice
          3150 Porter Drive
          Palo Alto, California 94304-1212
          Telephone: 650.838.4300
          Fax: 650.838.4350
          JSnell@perkinscoie.com

          *Attorneys for Defendants FLATIRON*
          *MEDIA, LLC*