

**BUFFALO**

The Calumet Building
233 Franklin Street
Buffalo, NY 14202
p 716.853.3801
f 716.853.0265

**kslnlaw.com**

Sept. 9, 2024

**VIA CM/ECF**

HON. JESSE M. FURMAN
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

          Re:    *Carrodine et al. v. Flatiron Media, LLC et al., No. 1:22-cv-09660-JMF*
                  *Response to Demand for Indemnification*
                  KSLN File No.: VEL 46103

Your Honor:

On behalf of Flatiron Media, LLC ("Flatiron"), this letter is provided in response to Mr. Robert's letter dated Aug. 29, 2024.

As stated by Plaintiffs' Counsel, Flatiron's interrogatory responses accurately describe its understanding concerning the text messages: Flatiron did not send the text messages to any Plaintiffs during the class period, does not know who specifically sent the text messages that any Plaintiff received, and has no way of identifying who sent such text messages. Similarly, to Flatiron's knowledge, HasTraffic did not send any of the text messages in question to any Plaintiff. To Flatiron's knowledge, the subject text messages were sent by one or more "publishers" or "affiliates" of HasTraffic.

Upon review of Mr. Robert's letter, we believe Plaintiffs' confusion stems from the use of the phrase "HasTraffic merely connects Flatiron with an affiliate". [See Dkt. 112, pg. 3]. This phrase could be erroneously interpreted as implying that there is a relationship between Flatiron and the affiliate of HasTraffic. To be clear, Flatiron never had direct contact with Hastraffic's "affiliates" or "publishers." In fact, to Flatiron's knowledge, HasTraffic took measures to ensure that Flatiron did not have direct contact with or the ability to identify HasTraffic's publishers or affiliates.

When a text message was sent to a user, it contained a URL that, when clicked, directed the user to a landing page owned, to our knowledge, by HasTraffic. That URL also contained tracking features that allowed HasTraffic to count how many clicks were generated on that text and, upon information and belief, contained information that allowed HasTraffic to identify which "publisher" sent the text. It is our understanding that all of that information would be stored in HasTraffic's databases. Flatiron did not have access to any of that information except for the total

number of clicks (across all "publishers" combined) that was used to calculate how much was owed to HasTraffic by Flatiron.

Upon information and belief, if the URLs referenced in the second amended complaint are not accurate or are incomplete, HasTraffic cannot identify which publisher(s) sent the subject text messages. If Plaintiff provides further information to HasTraffic, including the complete URLs, it is our understanding that HasTraffic should be able to identify the publisher(s).

Regards,

KENNEY SHELTON LIPTAK NOWAK LLP

Alice J. Cunningham, Esq. (*Pro Hac Vice*)
ajcunningham@kslnlaw.com

CC: Jason B. Sykes, Esq.
Christopher E. Roberts, Esq.