Newman LLP

**Derek A. Newman**
Direct  +1.212.377.0873
Main    +1.212.377.0870
dn@newmanlaw.com

11 Broadway, Suite 615
New York, NY 10004

**FILED VIA ECF**

September 9, 2024

Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

      Re:    *Carrodine et al. v. Flatiron Media, LLC et al.*, **No. 1:22-cv-09660-JMF**

Dear Judge Furman:

      We represent Unlimited Traffic Limited, Sea Ranch International Limited, and Sea Ranch International Pte. Ltd. (collectively, "HasTraffic"). We write in response to Plaintiffs' August 29, 2024 letter.

      This is a TCPA case alleging that defendants sent unlawful text messages. Based on Plaintiffs' and Flatiron's submissions (Dkt. 112 and 114) along with conversations with opposing counsel, HasTraffic believes that it was named as a party in this suit due to a miscommunication. Specifically, Plaintiffs' counsel interpreted Flatiron's discovery responses and communications with Flatiron's former counsel to mean that HasTraffic sent the messages at issue. (Dkt. 112 at 1-2.) As Flatiron's submission to this Court confirms, that is not what Flatiron intended to communicate. HasTraffic did not send any of the text messages in question to Plaintiffs or any putative class member. (Dkt. 114 at 2-3.)

      HasTraffic can confirm this fact to the Court. **It did not send the text messages in this case.**

      It is certain of this because HasTraffic does not send any text messages, ever. Instead, HasTraffic operates a platform that connects "publishers" with advertisers, like Flatiron. Publishers are technology companies that market to consumers. Typically, publishers are entities interested in selling traffic—such as "clicks" on hyperlinks in text messages that the publisher has already sent— to advertisers like Flatiron that wish for those clicks to be redirected to its preferred landing page(s). The publisher sends the messages and generates the traffic and then advertisers (like Flatiron) may buy the traffic arising out of the links in those messages. HasTraffic's role is limited to providing a platform where the publisher can offer its traffic for purchase by entities like Flatiron.

      All text messages are sent by the publisher. The publisher offers the traffic generated by these text messages on HasTraffic's platform but it does so *after* the messages have been sent. In short, the publisher sends text messages, which generate traffic, which a third party then buys.

*Honorable Jesse M. Furman*
*September 9, 2024*
*Page 2 of 2*

HasTraffic does not control or direct the publisher's activities nor does it ask the publisher to send any text messages. Further, HasTraffic does not see or receive any of those text messages, or any copies of them. As a result, HasTraffic does not have—and never has had—records of the text messages at issue in this case.

Given that the misunderstanding between Plaintiffs and Flatiron has been cleared up, HasTraffic believes that there is no longer a good-faith factual basis for any allegations that HasTraffic sent the text messages at issue. Accordingly, HasTraffic believes that Plaintiffs should voluntarily dismiss HasTraffic or, if separate facts support a claim of liability, replead them so that HasTraffic has notice and opportunity to respond to the allegations.

HasTraffic does not believe there is a discovery impasse between itself and Plaintiffs. As Plaintiffs' counsel notes, HasTraffic's counsel has had multiple conversations with all parties, conveying the information described above. (*See* Dkt. 112 at 2-3.) HasTraffic has now also provided written responses to Plaintiff's counsel's informal inquiries about the same. For example, HasTraffic provided the name and contact information of the only publisher that HasTraffic is aware of with any connection to this case.

The authority that Plaintiff cites only applies to telemarketers—who directly place the texts—and sellers (e.g., advertisers). As described above, HasTraffic is neither because it does not send (or direct others to send) text messages, and none of the text messages at issue here advertise HasTraffic's goods or services.

HasTraffic takes no position as to any discovery impasse between Plaintiffs and Flatiron.

We look forward to discussing these issues during the upcoming conference. If Your Honor has any questions or requires additional information beforehand we would be pleased to provide it.

Respectfully submitted,

/s/ Derek A. Newman
Derek A. Newman, SBN. 5897079
11 Broadway, Suite 615
New York, NY 10004
Phone:          (212) 377-0870
Facsimile:      (212) 377-0871
Email:          *dn@newmanlaw.com*

Counsel for Defendants
Unlimited Traffic Limited, Sea Ranch International Limited, and Sea Ranch International PTE. Ltd.

Cc: All Counsel of Record (via ECF)