UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON CARRODINE, et al.,<br><br>      Plaintiff(s),<br><br>- *against* -<br><br>FLATIRON MEDIA LLC, et al.,<br><br>      Defendant(s). | Case No. 1:22-cv-09660 (JMF)<br><br>**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

  WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

  1.  Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Confidential Information also includes information and communications that are subject to statutory or contractual limitations on their disclosure, and personal information, including social security numbers, dates of birth, driver's license numbers, health information, tax identification numbers, and employee identification numbers. Information and documents designated by a party as confidential or for attorneys' or experts' eyes only will be stamped "CONFIDENTIAL" or "CONFIDENTIAL – For Attorneys' or Experts' Eyes Only".

  2.  The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

  3.  In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

  4.  Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in the litigation;

  c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

  d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

  e. Copy, eDiscovery, or imaging services retained by counsel to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential Information; and

  f. During their depositions, witnesses in this action to whom disclosure is reasonably necessary, provided the witness (i) is advised orally and in writing that such materials are being disclosed pursuant to the terms of this Order, (ii) is only provided with such Confidential materials in connection with preparation for the anticipated testimony, and (iii) shall not be permitted to retain copies of such Confidential materials.

5. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

6. "CONFIDENTIAL – For Attorneys' or Experts' Eyes Only" material means Confidential Information the producing party reasonably and in good faith believes is of such nature and character that it will, if reviewed by the requesting party, be harmful to the producing party. The parties should meet and confer if any production requires a designation of "CONFIDENTIAL – For Attorneys' or Experts' Eyes Only."

7. Unless otherwise ordered by the court or permitted in writing by the designating party, a requesting party may disclose any "CONFIDENTIAL – For Attorneys' or Experts' Eyes Only" material to only:

  a. The requesting party's outside counsel of record in this action as well as employees of such counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

  b. Experts and consultants not affiliated with the requesting party as an employee, officer, director, contractor, or agent, and not currently employed with a competitor of the designating party, to the extent deemed necessary by counsel;

  c. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

   d. Copy or imaging services retained by counsel of record to assist in the duplication of CONFIDENTIAL – For Attorneys' or Experts' Eyes Only material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any such material, and instructs the service to immediately return all originals and copies of any such material upon completion of the copying or imaging for which the service was retained;

   e. During their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided that such witnesses are not affiliated with the requesting party as an employee, director, officer or contractor. Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL – For Attorneys' or Experts' Eyes Only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

   f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

 8. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

 9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

 10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

 11. Notwithstanding the designation of information as "CONFIDENTIAL" in

discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.


Dated: November 4, 2024
New York, New York


By: */s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq. (admitted *pro hac vice*)
Kimmel & Silverman, PC
30 East Butler Ave.
Ambler, PA 19002
Phone: (267) 468-5374
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com

By: */s/ Christopher E. Roberts*
Christopher E. Roberts, Esq. (admitted *pro hac vice*)
Butsch Roberts & Associates LLC
7777 Bonhomme Avenue, Suite 1300
Clayton, MO 63105
Telephone: (314) 863-5700
croberts@butschroberts.com

Attorneys for Plaintiffs Jason Carrodine, Eli Reisman, and Kimberly Hudson

By: */s/ Alice J. Cunningham*
Alice Jean Cunningham, Esq. (admitted *pro hac vice*)
Robert Walker Lewis, Esq.
KENNEY SHELTON LIPTAK NOWAK LLP
233 Franklin Street
Buffalo, NY 14202
Telephone: (716) 853-3801
ajcunningham@kslnlaw.com

Attorneys for Defendant Flatiron Media LLC

By: */s/ Derek A. Newman*
Derek A. Newman, Esq.
11 Broadway, Suite 615
New York, NY 10004
Telephone: (212) 377-0870
dn@newmanlaw.com

Attorneys for Defendants Unlimited Traffic Limited, Sea Ranch International Limited, and Sea Ranch International PTE, Ltd.

SO ORDERED.

_____
JESSE M. FURMAN
United States District Judge

November 6, 2024

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).