**BUTSCH ROBERTS & ASSOCIATES LLC**
ATTORNEYS AT LAW
7777 BONHOMME AVENUE - SUITE 1300
CLAYTON (ST. LOUIS), MISSOURI 63105

DAVID T. BUTSCH*
CHRISTOPHER E. ROBERTS**

*Also Licensed in Illinois
**Also Licensed in Illinois & Kansas

PHONE: 314.863.5700
FAX: 314.863.5711
www.butschroberts.com

January 10, 2024

**Submitted via ECF**
Honorable Jesse Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

Re: *Carrodine et al. v. Flatiron Media LLC et al.*, No. 1:22-cv-09660-JMF

Dear Judge Furman:

Counsel submits this letter to update the Court on the status of the case as advised in our December 12, 2024, letter. [Doc. 146, p. 2]. While we write this letter on behalf of Plaintiffs, all counsel are agreeable to the relief of a stay we seek and about mediating the case.

We are happy to report that through hard work by counsel for all parties throughout the holiday season, that the parties are finally in a position to effectively mediate the case. The parties are currently discussing private mediators and mediation dates. We will be able to advise the Court of the mediator selected by the parties and the date of the mediation within the next week. I believe we will be able to mediate the case by the end of February.

As the parties expect to mediate this case in short order, the parties respectfully request that the case be stayed (including briefing on the HasTraffic Defendants' Motion to Dismiss) until fourteen days after the mediation. The parties would advise the Court within seven days of the completion of the mediation as to whether the case successfully resolved. If the case does not successfully resolve at mediation, then Plaintiffs would then file their opposition brief to the HasTraffic Defendants' Motion to Dismiss within 14 days after the mediation. The parties would also submit a joint proposed scheduling order within 14 days after the mediation, if the mediation is not successful.

The brief stay of all deadlines is important and warranted for two reasons.

First, the stay is consistent with Rule 1's edict that cases be litigated in a cost-effective and efficient manner. Putting a brief stay in place will allow the parties to focus their efforts on mediating the case instead of taking multiple depositions, briefing a litany of discovery disputes and potentially engaging in third-party discovery practice. The parties believe that focusing on

mediation and providing for a brief stay will conserve resources not only for the parties and counsel, but also for the Court.

The conservation of resources ties into a second reason why a brief stay of all deadlines is warranted. This case has invoked insurance coverage. The policy at issue, however, is a diminishing policy. This means that the policy limit diminishes by the cost of defense. In other words, the more the case is litigated, the less insurance coverage is available, thereby potentially complicating the ability of the parties to settle the case. As the parties are finally in a position in which they feel comfortable mediating the case, the parties believe it is best to dedicate all resources to focusing on resolving the case.

After hard work by all counsel through discovery and countless conferences, we are finally in a position to effectively mediate the case. We respectfully request that the Court grant a brief stay of the case so that the parties can focus on resolving the case. We would also advise the Court next week of the mediator and mediation date we select for purposes of the stay.

Counsel appreciates the Court time and attention in this matter.

Respectfully Submitted,

/s/ Christopher E. Roberts
Christopher E. Roberts, Esq. (pro hac vice)

Jacob U. Ginsburg, Esq. (pro hac vice)
*Counsel for Plaintiffs Jason Carrodine, Kimberly Hudson and Eli Reisman*

cc: all counsel of record (via email and ECF)

Application GRANTED.  To facilitate resolution of the case, all pending deadlines are hereby STAYED pending mediation.  The pretrial conference currently scheduled for February 12, 2025 is hereby ADJOURNED *sine die*.  The parties shall file a letter advising the Court of the mediation date no later than **January 17, 2025**.  The Clerk of Court is directed to terminate ECF No. 147.

SO ORDERED.

January 10, 2025